IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT K DOWD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-713-N |
| | § | |
| UNITED STATES DEPARTMENT OF EDUCATION, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses the United States Department of Education's (the "Department") motion for partial dismissal [24] and Plaintiff Robert K Dowd's motions for leave [26], [37] and for summary judgment [28]. The Court grants the motions for leave and considers Dowd's briefings for the purposes of this Memorandum Opinion and Order. For the following reasons, the Court grants the Department's motion for partial dismiss and denies Dowd's motion for summary judgment.

## I. ORIGINS OF THE DISPUTE

In 2010–11, Dowd received a Federal Direct PLUS loan in the amount of $48,718.00 ("Loan 1") on behalf of his son and a Federal Direct PLUS loan in the amount of $48,718.00 ("Loan 2") on behalf of his daughter. Dowd alleges that the Department miscalculated the repayments on the student loans, resulting in additional amounts owed as a result of delinquency and interest. Dowd brings a breach of contract claim, a Fair Debt Collection Practices Act ("FDCPA") claim, and a Texas declaratory judgment claim. The

MEMORANDUM OPINION AND ORDER – PAGE 1

Department then moved to dismiss the FDCPA claim for lack of subject matter jurisdiction. Dowd did not substantively respond to the motion to dismiss and instead filed a motion for summary judgment on his declaratory judgment claim. Additionally, Dowd seeks reasonable attorney fees pursuant to Texas Practice and Remedies Code Section 37.009.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Sovereign immunity protects the United States from liability, and deprives the court of subject matter jurisdiction over the claims against it." *Hebert v. United States*, 438 F.3d 483, 487–88 (5th Cir. 2006). A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). The district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc).

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of

MEMORANDUM OPINION AND ORDER – PAGE 2

informing the Court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III. THE COURT GRANTS THE MOTION FOR PARTIAL DISMISSAL

The Department argues that the Court lacks jurisdiction over Dowd's FDCPA claim. The Court agrees. Absent a clear and express waiver, the United States and its agencies enjoy sovereign immunity from suit. *See Meyer*, 510 U.S. at 475. Because the FDCPA does not contain such a waiver, Dowd's FDCPA claim is barred by sovereign immunity. *See Wagstaff v. U.S. Dept. of Ed.*, 509 F.3d 661, 664 (5th Cir. 2007) ("[B]ecause the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case."). Accordingly, the Court determines that it lacks subject matter jurisdiction over Dowd's FDCPA claim and dismiss this claim with prejudice.

### IV. THE COURT DENIES THE MOTION FOR SUMMARY JUDGMENT

Dowd appears to seek summary judgment on his declaratory judgment claim only and does not raise his breach of contract claim in his motion. As a preliminary matter, the Court construes the Texas declaratory judgment action as a federal declaratory judgment action. Because federal courts apply federal procedural law in federal actions, the Declaratory Judgment Act governs. *Cf. Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. 2011) (converting removed state declaratory judgment action to federal declaratory judgment action).

The Department argues that the Court lacks jurisdiction over Dowd's Declaratory Judgment Act claim. Section 1082(a)(2) of the Higher Education Act of 1965, as amended,

MEMORANDUM OPINION AND ORDER – PAGE 3

provides a limited waiver of the United States' sovereign immunity from suit. *See* 20 U.S.C. § 1082(a)(2). However, the statute expressly provides that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary . . . ." *Id.* Here, the Department argues that a declaration from this Court that Dowd has paid his debt would preclude the United States from collecting on the outstanding balance owed, thus making Dowd's claim injunctive in nature. The Department cites two cases to support its argument. First, in *Carr v. DeVos*, 369 F. Supp. 3d 554, 560 (S.D.N.Y. 2019), the court found that a purported claim for declaratory judgment was improper injunctive relief by another name. The *Carr* plaintiffs sought a declaratory judgment that they were entitled to a borrower defense for their outstanding student loans. Second, in *Green v. United States*, 163 F. Supp. 2d 593, 596 (W.D.N.C. 2000), the plaintiff sought "declaratory relief that would bar the United States from collecting past-due payments on his student-loan account." The court held that an "action that seeks to prohibit the government from collecting a debt seeks injunctive relief . . . ." *Id.* However, these cases are inapposite to the case at hand. In both *Carr* and *Green*, plaintiffs sought to enjoin the government from enforcing existing debts. Here, Dowd does not seek to enjoin the government from collecting a debt that exists; Dowd seeks a declaration that no debt exists for the government to collect. Thus, the Court determines that Dowd does not seek improper injunctive relief and that the Court has jurisdiction over the declaratory judgment claim.

Having addressed the jurisdictional issues, the Court turns to the merits of the declaratory judgment claim. Dowd argues that the Department (1) failed to credit him with

MEMORANDUM OPINION AND ORDER – PAGE 4

a $732 up-front interest rebate for Loan 1 and (2) incorrectly held Loan 2 in default, resulting in additional collection fees. For the following reasons, the Court denies Dowd's motion for summary judgment.

First, the Court determines that Dowd is not entitled to the $732 up-front interest rebate on Loan 1. The terms of the loan specify that, in order to receive the rebate, Dowd was required to "make all of [his] *first* 12 required monthly payments on time." Def.'s App'x Ex. A at 0016 [36-2] (emphasis added). Although Dowd paid off Loan 1 in full, 11 of Dowd's first 12 monthly payments were untimely. *See* Pl.'s Mot. for Leave at 10 [37]; Bulman Decl. at 8 [36-1]. Thus, Dowd has failed to provide the Court with evidence that would demonstrate an entitlement to the $732 up-front interest rebate.

Second, Dowd has not shown that Loan 2 was incorrectly held to have defaulted. On September 6, 2016, Dowd made a balloon payment in the amount of $42,411.18. The Department applied that payment in equal amounts to both loans and sent Dowd a letter on September 15, 2016 stating that his next payment was due on December 6, 2018. *See* Pl.'s Ex. E [28-6] (the "September Bill"). Dowd then told the Department to apply the full balloon payment first to Loan 1, with any balance to Loan 2. The Department complied and sent Dowd a revised letter on October 16, 2016 stating that his next payment was due on August 6, 2017. Def.'s App'x Ex. P at 0069 [36-7] (the "October Bill"). Dowd alleges that the September Bill granted him a forbearance period running until December 6, 2018. However, the alleged forbearance period was merely a notice of the due date of his next payment in light of the equal prepayments to both loans. Upon Dowd's request to utilize the balloon payment to fully prepay Loan 1, Dowd's next payment due date changed to

MEMORANDUM OPINION AND ORDER – PAGE 5

account for the smaller prepayment to Loan 2. Dowd's October Bill reflected that reduction in Loan 2's prepayment by reducing the amount of time until the next payment due date. Nonetheless, Dowd continued to rely on the September Bill's due date despite acknowledging that the September Bill mistakenly split his payment between loans. Here, Dowd's reliance on the September Bill's due date is unreasonable in light of the Department's subsequent correction at Dowd's request. Regardless, the Department notified Dowd on January 20, 2018 that the actual forbearance period ran from November 6, 2017 to February 28, 2018. *See* Def.'s App'x Ex. C at 0032 [36-2]. Thus, Dowd was on notice from both the October Bill and the forbearance notice that the forbearance period did not run until December 6, 2018.

Dowd also argues that full payment with interest was made on Loan 2 by February 2020. However, the terms of the loan expressly state that default occurs if the borrower fails to make installment payments when due, provided the failure has persisted for at least 270 days. *See* Def.'s App'x Ex. A at 0012 [36-2] ("The following events will constitute a default on my loan . . . (2) I do not make installment payments when due, provided my failure has persisted for at least 270 days . . . ."). Because the forbearance period ended in February 28, 2018, Dowd's failure to make payments by December 1, 2018 resulted in a default on Loan 2. The Court determines that the default on Loan 2 was proper. Because Dowd's declaratory judgment claim rests primarily on collection fees resulting from the allegedly improper default, the Court determines that Dowd has not demonstrated that he is entitled to judgment as a matter of law on his declaratory judgment claim. Accordingly, the Court denies Dowd's motion for summary judgment.

MEMORANDUM OPINION AND ORDER – PAGE 6

Dowd also seeks reasonable attorney's fees. The Court denies Dowd's request for two reasons. First, Dowd has not prevailed on the merits. Second, pro se litigants are not entitled to attorney's fees. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that pro se litigants are not entitled to attorney's fees under 42 U.S.C. § 1988); *Gahagan v. U.S. Citizenship & Immigration Servs.*, 911 F.3d 298 (5th Cir. 2018) (denying attorney's fees for a pro se litigant under FOIA).

## CONCLUSION

Because the Court lacks subject matter jurisdiction over Dowd's FDCPA claim, the Court grants the Department's motion for partial dismissal and dismisses Dowd's FDCPA claim with prejudice. Because the Court determines that Dowd is not entitled to judgment as a matter of law, the Court denies Dowd's motion for summary judgment. The Court denies Dowd's request for attorney's fees.

Signed May 10, 2021.

David C. Godbey
United States District Judge